UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACIE SMITH, on behalf of her son ) <br> DAMON SMITH, ) <br>     Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br>     Defendant. | 1:08-cv-1170-LJM-TAB |

## ENTRY ON JUDICIAL REVIEW

Plaintiff, Tracie Smith ("Tracie"), on behalf of her son, Damon Smith ("Damon"), by counsel, requests judicial review of the final decision by defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying Tracie's application for Supplemental Security Income ("SSI"). The Court rules as follows.

Damon was born on January 10, 1999. R. at 39. On August 20, 2004, Tracie filed for SSI on behalf of Damon based on deafness, speech and language delays, and ADD/ADHD. *Id.* at 38-39. Tracie's claim was denied initially and on reconsideration. *Id.* On December 6, 2007, Administrative Law Judge Albert Velasquez (the "ALJ") issued a decision finding that Damon was not disabled. R. at 23-35. On June 27, 2008, the Appeals Council denied review, thus rendering the ALJ's findings the final decision of the Commissioner. *Hendersen v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999); R. at 11-13.

A child is "disabled" and therefore may be eligible for SSI if he has a "medically determinable physical or mental impairment, which results in marked and severe functional

limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Whether a child meets this definition of "disabled" is determined by a three-step analysis:

> First, if the child is engaged in substantial gainful activity, the Social Security Administration ("SSA") will deny the claim. *Id*. Second, if the child does not have a severe medical impairment or combination of impairments, then he is not disabled and his claim will be denied. *Id*. Third, the child's impairments must meet a duration requirement and must meet, medically equal or functionally equal, the severity of any of the Listings of Impairments contained in 20 C.F.R. pt. 404, subpt. P, App. 1.

*Hopgood v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2003) (citing 20 C.F.R. § 416.924(a)). At the third step of this evaluation, if a child's impairment does not meet or medically equal any Listing, the ALJ must determine whether the child's impairment functionally equals a Listing by considering how the child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. *Id.* (citing 20 C.F.R. § 416.926a(b)(1)). "To find an impairment functionally equivalent to a [L]isting, an ALJ must . . . find an 'extreme' limitation in one category or a 'marked' limitation in two categories." *Id.* (citing 20 C.F.R. § 416.926a(a)); *Brindisi v. Barnhart*, 315 F.3d 783, 785 (7th Cir. 2003) (same).

The Social Security Act, specifically 42 U.S.C. §405(g), provides for judicial review of the Commissioner's denial of benefits. The Court reverses the Commissioner's final decision only if it is not supported by the substantial evidence or is based on a legal error. 42 U.S.C. § 405(g)*; Hopgood*, 578 F.3d at 698. "An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a

2

logical bridge from that evidence to the conclusion." *Hopgood*, 578 F.3d at 698 (quoting *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). "An ALJ may not select and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the [Court] to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "[I]f the decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required. *Hopgood*, 578 F.3d at 698 (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

The ALJ determined the following "Findings of Fact and Conclusions of Law": (1) that Damon was born on January 10, 1999, and was a preschooler; (2) that Damon has not engaged in substantial gainful activity at any time relevant to the decision; (3) that Damon has three severe impairments—attention deficit hyperactivity disorder, low IQ, and disruptive behavior; (4) that Damon does not have an impairment or combination of impairments that meets or medically equals one any Listing; (5) that Damon does not have an impairment or combination of impairments that functionally equals any Listing; and (6) that Damon has not been disabled as defined by the Social Security Act since August 2, 2004. R. at 26, 35.

Of the six factors, the ALJ provided a more detailed explanation for his finding that Damon does not have an impairment or combination of impairments that functionally equals any Listing. First, the ALJ described several reports, medical records, and the expert

3

testimony of a psychologist. R. at 27-30. Next, the ALJ described the evidence as it relates to Damon's low IQ, his ADHD, and his disruptive behavior. R. at 30-31. The ALJ concluded that these conditions do not warrant a finding of disability. R. at 30-31. The ALJ then determined that Damon's statements concerning intensity, persistence and limiting effects of his symptoms are not entirely credible. The ALJ concluded with descriptions of what a child should be able to do in each of the six domains. R. at 31-35. The ALJ ended each domain description with one short sentence that Damon "has less than marked limitation in" that particular domain. *Id.*

Damon argues that the ALJ erred by failing to provide separate analysis of each functional domain. Dkt. No. 24 at 13-15. The Court agrees. The ALJ described the evidence and made conclusions, but he did not provide any meaningful analysis explaining how he reached these conclusions. While the ALJ described the evidence that is relevant to assessing the severity of Damon's low IQ, his ADHD, and his disruptive behavior, the ALJ did not evaluate the evidence in the context of the six domains, which are broader than any particular impairment. The six domains constitute the standard against which the evidence gains meaning. Thus, the limited (at best) analysis the ALJ provided regarding Damon's low IQ, his ADHD, and his disruptive behavior does not provide the necessary logical bridge between Damon's condition and a determination regarding "disability," as that term is defined by law. As a result of the ALJ's lack of meaningful analysis, the Court is unable to provide meaningful review and, therefore, must remand this case. On remand, the ALJ is to consider and analyze the evidence as it pertains to each functional domain.

Also at issue in this case is new evidence that Damon argues supports a remand under sentence six of 42 U.S.C. § 405(g). Because this case is being remanded on other

grounds, the Court need not determine whether remand is also necessary under sentence six of 42 U.S.C. § 405(g).  However, on remand, the ALJ shall consider all new evidence that Damon submits in support of his application.

## CONCLUSION

For the foregoing reasons, the final decision of the Commissioner of the Social Security Administration in this case is **REMANDED** for further proceedings consistent with this opinion.  Plaintiff's Motion to Remand (Dkt. No. 25) is **DENIED AS MOOT**.

Date: 02/22/2010

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Marcia J. Cossell
LEE COSSELL KUEHN & LOVE LLP
mcossell@nleelaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov